| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Marc A. Lieberman, Esq. SBN 157318<br>marc.lieberman@flpllp.com<br>Alan W. Forsley, Esq. SBN 180958<br>alan.forsley@flpllp.com<br>**FLP Law Group, LLP**<br>1875 Century Park East, Suite 2230<br>Los Angeles, California 90067<br>Telephone (310) 284-7350<br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**MAY 17 2023**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY Spann    DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -**<u>NORTHERN</u> **DIVISION**

| In re:<br><br>Baron Brothers Nursery, Inc.,<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 9:23-bk-10157-RC<br>CHAPTER: 7<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(PERSONAL PROPERTY)**<br><br>DATE: 05/16/2023<br>TIME: 10:00 a.m.<br>COURTROOM: 201<br>PLACE: 1415 State Street, Santa Barbara, CA 93101 |
|---|---|

**Movant: First Insurance Funding, a Division of Lake Forest Bank & Trust Company, N.A.**

1. The Motion was:    ☐ Opposed    ☒ Unopposed    ☐ Settled by stipulation

2. The Motion affects the following personal property (Property):

    ☐ Vehicle (*year, manufacturer, type and model*):

    *Vehicle identification number*:
    *Location of vehicle* (*if known*):

    ☐ Equipment (*manufacturer, type, and characteristics*):

    *Serial number(s)*:
    *Location* (*if known*):

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                                          Page 1                                              F 4001-1.RFS.PP.ORDER

☒ Other personal property (*type, identifying information, and location*):

The refundable portion of pre-paid insurance premium paid by FIRST Insurance Funding ("FIRST") to insurance carriers on Debtor's behalf pursuant to the February 23, 2023 Premium Finance Agreement between Debtor and FIRST, as more fully described in the Supplemental Declaration of Soraya Mulero in Support of Motion for Relief from the Automatic Stay [Doc. 47, April 24, 203].

☐ See Exhibit _____ attached to the Motion.

3. The Motion is granted under:
   a. ☒ 11 U.S.C. § 362 (d)(1)
   b. ☒ 11 U.S.C. § 362 (d)(2)

4. ☒ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:
   a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate **as of March 22, 2023**.
   b. ☐ Modified or conditioned as set for the in Exhibit _____ to this order.
   c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☒ Movant may enforce its remedies to repossess or otherwise obtain possession and dispose of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not repossess the Property before (*date*) _____.

7. ☐ The stay remains in effect subject to the terms and conditions set forth in the Adequate Protection Agreement to this order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order. The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated or modified as to the co-debtor, as to the same terms and conditions.

10. ☒ The 14-day stay provided by FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. ☐ This order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

13. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

14. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*    Page 2    **F 4001-1.RFS.PP.ORDER**

15. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

   a. ☐ without further notice.

   b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

16. ☐ Other (*specify*):

###

Date: May 17, 2023

Ronald A. Clifford III
United States Bankruptcy Judge

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*  Page 3  F 4001-1.RFS.PP.ORDER