JEREMY W. FAITH (SBN 190647)
*Jeremy@MarguliesFaithLaw.com*
SAMUEL M. BOYAMIAN (State Bar No. 316877)
*Samuel@MarguliesFaithLaw.com*
**MARGULIES FAITH, LLP**
16030 Ventura Blvd., Suite 470
Encino California 91436
Telephone: (818) 705-2777
Facsimile: (818) 705-3777

Attorneys for Plaintiff, Sandra K. McBeth, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
NORTHERN DIVISION**

| | |
|---|---|
| In re<br><br>BARON BROTHERS NURSERY, INC.,<br><br>Debtor. | Case No.: 9:23-bk-10157-RC<br><br>Chapter 7<br><br>Adv. No.: _____ |
| SANDRA K. MCBETH, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>OCEANAIR FEDERAL CREDIT UNION f/k/a CBC FEDERAL CREDIT UNION,<br><br>Defendant. | **COMPLAINT FOR:**<br><br>**(1) AVOIDANCE, RECOVERY AND PRESERVATION OF ACTUAL FRAUDULENT TRANSFERS [11 U.S.C. §§ 544(b), 550, and 551, Cal. Civ. Code §§ 3439.04(a)(1), 3439.07 and 3439.09]; and**<br><br>**(2) AVOIDANCE, RECOVERY AND PRESERVATION OF CONSTRUCTIVE FRAUDULENT TRANSFERS [11 U.S.C. §§ 544(b), 550, and 551, Cal. Civ. Code §§ 3439.04(a)(2) or 3439.05 and 3439.07]** |

**TO THE HONORABLE RONALD A. CLIFFORD, III, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff Sandra K. McBeth (the "Plaintiff"), the Chapter 7 Trustee for the above-captioned bankruptcy estate (the "Estate") of Baron Brothers Nursery, Inc. (the "Debtor"), respectfully alleges as follows:

///

///

## STATEMENT OF JURISDICTION AND VENUE

1. This is an adversary proceeding filed pursuant to Federal Rules of Bankruptcy Procedure (F.R.B.P.) 7001(1) (a proceeding to recover money or property).

2. Plaintiff, as Chapter 7 Trustee of the Estate, has standing to bring this action under 11 U.S.C. §§ 323, 544(b), 550, and 551.

3. The Court has jurisdiction over this adversary proceeding and its subject matter pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a) in that this proceeding arises in and relates to the Debtor's main bankruptcy proceeding pending in the Central District of California, Northern Division (the "Bankruptcy Court"), as *In re Baron Brothers Nursery, Inc.,* Case No. 9:23-bk-10157-RC (the "Bankruptcy Case"). This proceeding also "arises under" title 11 as it involves a cause of action created or determined by a statutory provision of title 11. *See In re Harris Pine Mills*, 44 F.3d 1431, 1435 (9th Cir. 1995).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409 because this adversary proceeding arises under and in connection with a case filed under title 11 which is pending in this district. The Bankruptcy Court also has personal jurisdiction over Defendant.

5. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (H), and (O). To the extent any related claims are determined not to be a core proceeding, Plaintiff consents to entry of final judgment and orders by the Bankruptcy Court.

## PARTIES

6. Plaintiff is the duly appointed, qualified, and acting Chapter 7 Trustee for the Debtor's Estate. Plaintiff brings this action solely in her capacity as the chapter 7 trustee.

7. Plaintiff is informed and believes that defendant OceanAir Federal Credit Union f/k/a CBC Federal Credit Union ("Defendant") is a California company and is subject to the jurisdiction of this Court.

## GENERAL ALLEGATIONS

8. The Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the Bankruptcy Code on March 6, 2023 (the "Petition Date"). Thereafter, Plaintiff was

appointed as the chapter 7 trustee of the Debtor's Estate.

9. Plaintiff does not have personal knowledge of all the facts alleged in this Complaint, and therefore, alleges certain facts on information and belief. Plaintiff reserves the right to amend this Complaint to allege additional claims against Defendant and to challenge and recover transfers made to or for the benefit of Defendant in addition to those transfers alleged in this Complaint.

10. The Debtor is a California corporation formed in or about 1986.

11. Prior to filing the Bankruptcy Case, the Debtor operated a large commercial nursery in Ventura County from locations in Moorpark and Fillmore, as well as a retail nursery at a location in Camarillo. The Debtor's commercial nursery operation was located on four sites, including a 71-acre site at 1363 Chambersburg Rd., Fillmore, California 93015 (the "Fillmore Site"), a 40-acre site at 4395 Hitch Blvd., Moorpark, California 93021 (the "Hitch Site"), a 4-acre site at 7568 Santa Rosa Road, Camarillo, California 93012 (the "Camarillo Site"), and a 40-acre site at 8860 Stockton Road, Moorpark, California 93021 (the "Stockton Site").

12. Plaintiff is informed and believes, that at all relevant times herein, Richard Baron ("RB") was the President, Chief Executive Officer, and majority shareholder of the Debtor.

13. Plaintiff is informed and believes, that at all relevant times herein, RB had access to, and exercised control over, all of the Debtor's bank accounts.

14. Plaintiff is informed and believes that RB is an insider of the Debtor as that term is defined under 11 U.S.C. § 101(31)(B).

15. During the four-year period immediately preceding the Petition Date, RB owned a fee interest in the real property located at 8860 Stockton Road, Moorpark, California 93021 (the "Stockton Road Property"), which was RB's personal residence until the Stockton Road Property was sold on or about August 29, 2023 by a state court receiver.

16. Plaintiff is informed and believes that at all relevant times herein, the Defendant provided RB with a home equity line of credit, account number 157502, secured by the Stockton Road Property (the "OceanAir HELOC").

17. Plaintiff is informed and believes that at all relevant times, the Debtor did not own real estate.

18. Plaintiff is informed and believes that RB misdirected funds of the Debtor to pay for his personal expenses, including the OceanAir HELOC. The misdirection of funds was done while the Debtor was insolvent, undercapitalized, and unable to pay its debts as they became due in the ordinary course of business.

19. Plaintiff is informed and believes that, prior to the sale of the Property and during the four-year period immediately preceding the Petition Date, the Debtor made transfers of its property, including money, directly to or for the benefit of Defendant in the sum of at least $211,388.06 (the "Transfers") from one or more of the Debtor's bank accounts, which are identified in **Exhibit A** attached hereto.

20. Plaintiff is informed and believes that the Transfers passed directly from the Debtor to Defendant and Defendant had dominion and exercised legal control over the transferred funds as soon as they cleared the Debtor's bank accounts.

21. Plaintiff is informed and believes that in addition to the Transfers identified in **Exhibit A** attached hereto, Debtor made other transfers of its property including money, directly to or for the benefit of Defendant from one or more of the Debtor's bank accounts, that are not accounted for in **Exhibit A**.

22. Plaintiff is informed and believes that Defendant is not a creditor of the Debtor.

23. Plaintiff is informed and believes that on May 3, 2023, the IRS filed Proof of Claim No. 6 in the amount of $120,132.84 ("IRS POC"), claiming a tax debt owed to governmental units under 11 U.S.C. § 507(a)(8). The IRS POC results in a ten-year reachback period regarding the avoidance and recovery of fraudulent transfers. *See Mukamal v. Citibank, N.A. (In re Kipnis),* 555 B.R. 877 (Bankr. S.D. Fla. 2016); *Hillen v.*

*City of Many Trees, LLC (In re CVAH, Inc.),* 570 B.R. 816, 834 (Bankr. D. Ida. 2017).

24. Plaintiff is informed and believes that on or about August 29, 2023, the Stockton Road Property was sold by a state-court appointed receiver, and the OceanAir HELOC was paid in full from the sale proceeds.

25. Plaintiff is informed and believes that the Transfers are unrelated to the Debtor's business, and each of the Transfers was made for the benefit of RB's personal obligations, and not for the benefit of the Debtor or its creditors.

## **FIRST CLAIM FOR RELIEF**

**(Avoidance, Recovery and Preservation of Actual Fraudulent Transfers)**

**[11 U.S.C. §§ 544(b)(1), 550, and 551, Cal. Civ. Code §§ 3439.04(a)(1), 3439.07 and 3439.09]**

26. Plaintiff hereby incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

27. Plaintiff is informed and believes that the Transfers were a transfer of an interest in property of the Debtor to Defendant within the four (4) years prior to the Petition Date.

28. Plaintiff is informed and believes that during the four-year period immediately preceding the Petition Date, RB caused the Debtor to make the Transfers, to or for the benefit of Defendant in the amount of $211,388.06

29. Plaintiff is informed and believes that the Transfers were made with actual intent to hinder, delay and/or defraud one or more of the Debtor's creditors. Specifically, RB caused the Debtor to make the Transfers to or for the benefit of Defendant to pay for his personal expenses.

30. Plaintiff is informed and believes that the Debtor did not receive reasonably equivalent value in exchange for the Transfers.

31. Plaintiff is informed and believes that Defendant did not take the Transfers in good faith.  Specifically, Defendant (i) knew or consciously or recklessly chose to ignore facts known to them that strongly suggested that they were being paid by the

Debtor because the transfers were identified as emanating from that entity; (ii) knew or consciously or recklessly chose to ignore facts known to them that suggested the goods and/or services, if any, that Defendant provided in exchange for those payments were not for the Debtor but rather were for RB or his family; and (iii) knew or consciously or recklessly chose to ignore facts known to them that strongly suggested the goods and/or services, if any, provided by them for such payments conferred no or less than substantially equivalent value upon the Debtor.

32. Plaintiff is informed and believes that all relevant times, the Transfers were voidable under Cal. Civ. Code §§ 3439.04(a) and 3439.07 by one or more creditors who held and hold unsecured claims against the Debtor that were allowable against its Estate under 11 U.S.C. § 502 or that were not and are not allowable only under 11 U.S.C. § 502(e). These creditors include, without limitation, the Internal Revenue Service, the California Department of Tax and Fee Administration, and Echo Global Logistics,

33. Plaintiff is informed and believes that the IRS was a creditor of the Debtor as of the Petition Date. The Transfers occurred within ten years before the Petition Date and Plaintiff is entitled to avoid the Transfers.

34. Plaintiff is informed and believes that Plaintiff may avoid the Transfers made during: (a) the ten-year period prior to the Petition Date pursuant to 11 U.S.C. § 544(b) and 26 U.S.C. § 6502(a)(1) [*see Mukamal v. Citibank, N.A. (In re Kipnis),* 555 B.R. 877 (Bankr. S.D. Fla. 2016] and (b) the four-year period prior to the Petition Date pursuant to 11 U.S.C. § 544(a) and Cal. Civil Code § 3439 *et seq.*

35. Pursuant to 11 U.S.C. § 544(b) and applicable California law, Plaintiff is entitled to avoid the Transfers.

36. Plaintiff may recover all avoided transfers or the value of the avoided transfers pursuant to 11 U.S.C. § 550.

37. Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551.

## SECOND CLAIM FOR RELIEF

**(Avoidance, Recovery, and Preservation of Constructively Fraudulent Transfers)**

**[11 U.S.C. §§ 544(b)(1), 550, and 551, Cal. Civ. Code §§ 3439.04(a)(2) or 3439.05 and 3439.07]**

38. Plaintiff hereby incorporates herein by reference paragraphs 1 through 37 of the Complaint as if fully set forth herein.

39. Plaintiff is informed and believes that the Debtor received less than reasonably equivalent value in exchange for the Transfers. At all relevant times within the four years immediately preceding the Petition Date, the Debtor was: (i) insolvent or became insolvent as a result of each such transfer identified in **Exhibit A** to this Complaint; (ii) was engaged or was about to engage in a business transaction for which its remaining assets were unreasonably small in relation to the business or transaction; or (iii) intended to incur, or believed or reasonably should have believed that it would incur debts beyond its ability to pay as they became due. Plaintiff is informed and believes that at the time each of the Transfers was made, the Debtor was either insolvent or became insolvent as a result of the Transfers.

40. Pursuant to 11 U.S.C. § 544(b) and applicable California law, Plaintiff is entitled to avoid the Transfers.

41. Plaintiff may recover all avoided transfers or the value of the avoided transfers pursuant to 11 U.S.C. § 550.

42. Plaintiff may preserve all avoided transfers for the benefit of the Estate pursuant to 11 U.S.C. § 551.

**WHEREFORE**, Plaintiff, on behalf of the Estate, prays for judgment against Defendant, as follows:

a. On the first claim for relief, for a judgment against Defendant that (i) avoids the Transfers from Debtor to or for the benefit of Defendant, (ii) imposes a constructive trust on the Transfers and any proceeds thereof, and (iii) requires Defendant to return those transfers and their proceeds, or their value, to the Plaintiff for the benefit of the

Estate;

    b.    On the second claim for relief, for a judgment against Defendant that (i) avoids the Transfers from Debtor to or for the benefit of Defendant, (ii) imposes a constructive trust on the Transfers and any proceeds thereof, and (iii) requires Defendant to return those transfers and their proceeds, or their value, to the Plaintiff for the benefit of the Estate;

    c.    For interest at the legal rate on all damages and sums awarded to the Plaintiff for the benefit of the Estate; and

    d.    For such other and further relief as this Court deems just and proper.

DATED: March 6, 2025

**MARGULIES FAITH, LLP**

By: */s/ Samuel M. Boyamian*
    Jeremy W. Faith
    Samuel M. Boyamian
    Attorneys for Plaintiff, Sandra K.
    McBeth, Chapter 7 Trustee

# Exhibit A

**In Re: Baron Brothers Nursery, Inc. ("BBN")**
**Case Number: 9:23-bk-10157-RC**
**Disbursement Detail - OceanAir Federal Credit Union f/k/a CBC Federal Credit Union**
**Source: Bank Statements (Does not include Payroll Account)**
**Time Period: March 2019 - March 2023**

| Bank Name | Account Number | Transaction Date | Disbursement | Check No. | Payee/Payor Name |
|---|---|---|---|---|---|
| Ventura County Credit Union | Ending in 3970 | 8/16/2018 | $ 496.00 | 139 | BBN/CBCFU |
| Ventura County Credit Union | Ending in 3970 | 9/14/2018 | $ 496.00 | 30119 | BBN/CBCFU |
| Ventura County Credit Union | Ending in 3970 | 9/24/2018 | $ 496.00 | 30026 | BBN/CBCFU |
| Ventura County Credit Union | Ending in 3970 | 10/25/2018 | $ 496.00 | 30298 | BBN/CBCFU |
| Ventura County Credit Union | Ending in 3970 | 11/20/2018 | $ 496.00 | 30424 | BBN/CBCFU |
| Ventura County Credit Union | Ending in 3970 | 12/13/2018 | $ 496.00 | 30539 | BBN/CBCFU |
| Ventura County Credit Union | Ending in 3970 | 1/18/2019 | $ 496.00 | 30703 | BBN/CBCFU |
| Ventura County Credit Union | Ending in 3970 | 2/27/2019 | $ 496.00 | 30859 | BBN/CBCFU |
| Ventura County Credit Union | Ending in 3970 | 3/20/2019 | $ 496.00 | 30984 | BBN/CBCFU |
| Ventura County Credit Union | Ending in 3970 | 4/22/2019 | $ 496.00 | 31108 | BBN/CBCFU |
| Ventura County Credit Union | Ending in 3970 | 5/10/2019 | $ 496.00 | 31230 | BBN/CBCFU |
| Ventura County Credit Union | Ending in 3970 | 6/13/2019 | $ 496.00 | 31378 | BBN/CBCFU |
| Ventura County Credit Union | Ending in 3970 | 7/22/2019 | $ 496.00 | 31518 | BBN/CBCFU |
| Ventura County Credit Union | Ending in 3970 | 8/15/2019 | $ 496.00 | 31617 | BBN/CBCFU |
| Ventura County Credit Union | Ending in 3970 | 9/24/2019 | $ 496.00 | 31742 | BBN/CBCFU |
| Ventura County Credit Union | Ending in 3970 | 11/26/2019 | $ 496.00 | 31994 | BBN/CBCFU |
| Ventura County Credit Union | Ending in 3970 | 11/26/2019 | $ 496.00 | 31995 | BBN/CBCFU |
| Ventura County Credit Union | Ending in 3970 | 12/20/2019 | $ 496.00 | 32093 | BBN/CBCFU |
| Ventura County Credit Union | Ending in 3970 | 1/23/2020 | $ 496.00 | 32195 | BBN/CBCFU |
| Ventura County Credit Union | Ending in 3970 | 2/21/2020 | $ 496.00 | 32312 | BBN/CBCFU |
| Ventura County Credit Union | Ending in 3970 | 3/27/2020 | $ 496.00 | 32405 | BBN/CBCFU |
| Ventura County Credit Union | Ending in 3970 | 6/4/2020 | $ 496.00 | 32607 | BBN/CBCFU |
| Ventura County Credit Union | Ending in 3970 | 6/17/2020 | $ 496.00 | 32664 | BBN/CBCFU |
| Ventura County Credit Union | Ending in 3970 | 7/31/2020 | $ 496.00 | 32789 | BBN/CBCFU |
| Ventura County Credit Union | Ending in 3970 | 10/6/2020 | $ 496.00 | 32919 | BBN/CBCFU |
| Ventura County Credit Union | Ending in 3970 | 11/4/2020 | $ 496.00 | 32968 | BBN/CBCFU |
| Ventura County Credit Union | Ending in 3970 | 12/16/2020 | $ 496.00 | 33069 | BBN/CBCFU |
| Ventura County Credit Union | Ending in 3970 | 1/12/2021 | $ 496.00 | 33139 | BBN/CBCFU |
| Ventura County Credit Union | Ending in 3970 | 1/29/2021 | $ 496.00 | 33218 | BBN/CBCFU |
| Ventura County Credit Union | Ending in 3970 | 2/22/2021 | $ 496.00 | 33282 | BBN/CBCFU |
| Ventura County Credit Union | Ending in 3970 | 2/23/2021 | $ 199,980.06 | 33925 | BBN/CBCFU |
| | | **4 Year Total** | **$ 211,388.06** | | |

Exhibit A　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 9

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled **COMPLAINT FOR: (1) AVOIDANCE, RECOVERY AND PRESERVATION OF ACTUAL FRAUDULENT TRANSFERS [11 U.S.C. §§ 544(b), 550, and 551, Cal. Civ. Code §§ 3439.04(a)(1), 3439.07 and 3439.09]; (2) AVOIDANCE, RECOVERY AND PRESERVATION OF CONSTRUCTIVE FRAUDULENT TRANSFERS [11 U.S.C. §§ 544(b), 550, and 551, Cal. Civ. Code §§ 3439.04(a)(2) or 3439.05 and 3439.07]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 6, 2025,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.** **SERVED BY UNITED STATES MAIL**:
On **March 6, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE**: Pursuant to Amended General Order 23-01, no Judge's copy is being served.

☐ Service information continued on attached page

**3.** **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 6, 2025 | Angela Saba | /s/ Angela Saba |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                          **F 9013-3.1.PROOF.SERVICE**

## ADDITIONAL SERVICE INFORMATION (if needed):

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Samuel Mushegh Boyamian on behalf of Interested Party Courtesy NEF
samuel@marguliesfaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

Samuel Mushegh Boyamian on behalf of Trustee Sandra McBeth (TR)
samuel@marguliesfaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

Jeremy Faith on behalf of Interested Party Courtesy NEF
Jeremy@MarguliesFaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

Jeremy Faith on behalf of Trustee Sandra McBeth (TR)
Jeremy@MarguliesFaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

Andrew Goodman on behalf of Attorney Andrew Goodman
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Daniel A Higson on behalf of Interested Party Daniel A Higson
deanna@danhigsonattorney.com, higsondr45866@notify.bestcase.com

Sandra McBeth (TR)
jwalker@mcbethlegal.com, CA65@ecfcbis.com;ecf.alert+McBeth@titlexi.com

Elissa Miller on behalf of Interested Party Courtesy NEF
elissa.miller@gmlaw.com, emillersk@ecf.courtdrive.com;cheryl.caldwell@gmlaw.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

United States Trustee (ND)
ustpregion16.nd.ecf@usdoj.gov

William E. Winfield on behalf of Debtor Baron Brothers Nursery, Inc.
wwinfield@calattys.com, scuevas@calattys.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**