1  JEREMY W. FAITH (SBN 190647)
   *Jeremy@MarguliesFaithLaw.com*
2  SAMUEL M. BOYAMIAN (SBN 316877)
   *Samuel@MarguliesFaithLaw.com*
3  **MARGULIES FAITH LLP**
   16030 Ventura Boulevard, Suite 470
4  Encino, CA  91436
   Telephone: (818) 705-2777
5  Facsimile:  (818) 705-3777

6  Counsel for Sandra K. McBeth,
   Chapter 7 Trustee
7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                  **NORTHERN DIVISION**

11  In re:                          Case No.: 9:23-bk-10157-RC

12                                  Chapter 7

13  BARON BROTHERS NURSERY, INC.,   **CHAPTER 7 TRUSTEE'S**
                                    **SUPPLEMENTAL MEMORANDUM OF**
14                       Debtor.    **POINTS AND AUTHORITIES IN SUPPORT**
                                    **OF STIPULATION BETWEEN CHAPTER 7**
15                                  **TRUSTEE SANDRA K. MCBETH AND**
                                    **RONALD HAYDUK AND MARTHA**
16                                  **HAYDUK, TRUSTEES OF HAYDUK**
                                    **TRUST DATED OCTOBER 16, 2005**
17                                  **REGARDING DISPOSITION OF**
                                    **ADMINISTRATIVE EXPENSE CLAIM;**
18                                  **DECLARATION OF SAMUEL M.**
                                    **BOYAMIAN IN SUPPORT THEREOF**
19
                                    Hearing Scheduled For:
20                                  Date:    August 5, 2025
                                    Time:    1:00 p.m. (*Via Zoom*)[1]
21                                  Place:   Courtroom 201
                                             1415 State Street
22                                           Santa Barbara, CA
23

24

25

26

27  _____
   [1] Accessibility information will be provided by the Court in its tentative ruling prior to the
28  hearing, and direct parties to obtain such accessibility information on Judge Clifford's
   posted hearing calendar which may be viewed online at: http://ecf-
   ciao.cacb.uscourts.gov/CiaoPosted/?jid=RC.

**TO THE HONORABLE RONALD A. CLIFFORD III, UNITED STATES BANKRUPTCY JUDGE; TO THE DEBTOR AND IT'S COUNSEL OF RECORD; AND TO ALL OTHER INTERESTED PARTIES:**

Sandra K. McBeth, solely in her capacity as the Chapter 7 Trustee of Baron Brothers Nursery, Inc. ("Trustee"), submits this supplemental memorandum in support of the interim payment of the allowed administrative expense claim of former landlord Ronald Hayduk and Martha Hayduk, Trustees of Hayduk Trust dated October 16, 2005 ("Hayduk"), as requested in the pending Stipulation before the Court [Dkt. No. 142], as follows:

## I.    INTRODUCTION

This matter concerns the Trustee's request for allowance and interim payment of an agreed, reduced administrative expense claim in favor of Hayduk relating to post-petition storage services that were critical to preserving Estate assets. Shortly after her appointment, the Trustee negotiated with Hayduk to delay enforcement of its pre-petition writ of possession, allowing her to retain access to the Debtor's assets located on Hayduk's property while she developed an administration strategy. This arrangement directly benefited the Estate by preventing the loss of valuable assets and enabling their orderly liquidation.

The storage charges incurred during this period are properly categorized as actual and necessary costs of preserving the Estate under 11 U.S.C. § 503(b)(1)(A). There is no dispute that Hayduk's claim qualifies for administrative expense priority treatment, and courts routinely recognize that such post-petition obligations may be paid on an interim basis where they are undisputed, clearly beneficial to the Estate, and the Estate has or is expected to have sufficient funds.

Moreover, the Trustee successfully negotiated a reduced amount for this claim, resulting in a lower administrative expense burden and preserving additional funds for unsecured creditors. This resolution avoids the cost and risk of litigation and reflects sound estate administration. Interim payment of the agreed amount is appropriate and in

the best interest of the Estate, as it satisfies a valid priority claim, honors a key post-petition arrangement that enabled the Trustee to fulfill her duties, and secures the benefit of a favorable settlement.

## II.    **FACTUAL BACKGROUND**

On March 6, 2023, ("Petition Date") Baron Brothers Nursery, Inc. (the "Debtor") commenced the above-captioned case by filing a voluntary petition for relief under title 11, chapter 7 of the United States Code, case number 9:23-bk-10157-RC (the "Bankruptcy Case").

Sandra K. McBeth is the duly appointed and acting Chapter 7 Trustee ("Trustee") of the Debtor's bankruptcy estate (the "Estate").

As of the Petition Date, certain property of the Estate including equipment, supplies and inventory was located at 1363 Chambersburg Road, Fillmore California 93015 (the "Property"). The Property is owned by Hayduk, and the Debtor used the Property based on a pre-petition lease between the Debtor and Hayduk.

On April 4, 2023, the Trustee and Hayduk entered into a Stipulation Regarding Possession and Access to the Property (the "First Stipulation") [Dkt. No. 23].  The First Stipulation, provided, among other things, that the Hayduk shall be entitled to an administrative expense claim in the Bankruptcy Case for storage fees at a rate of $540.00 per day ("Storage Fees").

On April 11, 2023, the Court entered an Order approving the First Stipulation [Dkt. No. 34].

On May 27, 2025, the Trustee and Hayduk entered into a Stipulation Regarding Disposition of Hayduk Administrative Expense Claim [Dkt. No. 142] (the "Stipulation"). The salient terms of the Stipulation are that the Trustee and Hayduk mutually agreed that the administrative rent owing to Hayduk for the Property is $42,120.00 (the "Hayduk Claim") and that the Trustee proposed to immediately pay this amount to Hayduk upon the Court's entry of the order approving the Stipulation.

On May 29, 2025, the Court issued an order setting the Stipulation for hearing,

2

June 5, 2025.  *See* Dkt. No. 144.

On June 5, 2025, the hearing on the Second Stipulation was held.  The Court continued the hearing to August 5, 2025 to allow any parties an opportunity to oppose the relief sought in the Stipulation.  It also ordered that any augmentations to the Stipulation be made by July 15, 2025.

On July 2, 2025, the Trustee filed a Notice of Continued Hearing on the Stipulation. *See* Dkt. No. 153.

### III.   LEGAL STANDARD

Section 503(b)(1)(A) of the Bankruptcy Code provides for the allowance of administrative expenses, including "the actual, necessary costs and expenses of preserving the estate." Courts have consistently recognized that post-petition rent for property used by the estate constitutes an administrative expense. *See In re Pacific-Atlantic Trading Co.*, 64 F.3d 1292, 1298 (9th Cir. 1995); *In re Koenig Sporting Goods, Inc.*, 203 F.3d 986 (6th Cir. 2000).

While administrative expenses are generally paid at the conclusion of the case pursuant to 11 U.S.C. § 726(b), courts have discretion to authorize interim payments of such expenses when doing so is fair, reasonable, and in the best interest of the estate. *In re Colortex Industries, Inc.*, 19 F.3d 1371, 1384 (11th Cir. 1994); *In re Verco Industries*, 20 B.R. 664, 665 (B.A.P. 9th Cir. 1982); *In re Baptist Medical Center of New York, Inc.*, 52 B.R. 417, 421 (E.D.N.Y. 1985); *In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173–74 (Bankr. D. Del. 2002).

### IV.   ARGUMENT

**A.   Hayduk's Claim is A Valid, Allowed Administrative Expense Under 11 U.S.C. § 503(b)(1)(A)**

The Trustee and Hayduk agreed that the Trustee could continue to occupy the Property post-petition while the Trustee, less than a month into her appointment in the case, sought to strategize and coordinate her efforts to administer the Debtor's assets i.e. its nursery and various heavy equipment and machinery. The First Stipulation that

1   was entered into with Hayduk was critical in this regard. Absent the First Stipulation,

2   Hayduk would have proceeded with enforcement of its pre-petition writ of possession[2],

3   thereby foreclosing the Trustee's ability to administer estate assets, to the detriment of

4   all creditors in this case, and potentially exposing the Trustee to personal liability.

5       The storage charges that were incurred unquestionably benefitted the Estate and

6   are classified as administrative expense priority claims.  Storage charges incurred post-

7   petition, as is the case here with Hayduk's Claim, are eligible for treatment as

8   administrative expenses under 11 U.S.C. § 503(b)(1)(A). *See also In re R & G Props.*,

9   2009 Bankr. LEXIS 1318 at *12 (Bankr. D. Vt. April 30, 2009).

10      Based on the foregoing, there is no dispute as to the validity of Hayduk's Claim,

11   which qualifies under § 503(b)(1)(A) as an actual and necessary expense of preserving

12   the Estate.

13     **B.**  **The Negotiated Amount Is In the Best Interest of the Estate As It**

14            **Reduces Hayduk's Administrative Expense Exposure**

15      At the June 5, 2025 hearing, the Court questioned the amount that was agreed to

16   between the Trustee and Hayduk by pointing to certain terms of the First Stipulation.

17   Specifically, the end date when the storage fees stop accruing.  The First Stipulation

18   provides that the "Trustee will return all keys to the Property within 48 hours of the

19   Trustee removing and/or abandoning all Assets on the Property, at which time no further

20   Storage Fees shall accrue." *See* Dkt. No. 23, ¶ 7.  The Court suggested that the end

21   date was not when Standard Design Group signed a lease for the Property, but when

22   the Trustee exited the Property.

23      Additionally, during the June 5, 2025 hearing, Mr. Baron contended that Hayduk

24   had leased the Property to Standard Design Group as early as April 2023 and, therefore,

25   argued that Hayduk's Claim should be reduced.

26

27   [2] Prior to the Petition Date, Hayduk had obtained a Writ of Possession of Real Property for the Property from the unlawful detainer proceeding it commenced against the Debtor in the Superior Court of California, County of Ventura, case number 56-2022-00572277-

28   CU-UDVTA, in the matter entitled, *Ronald Hayduk and Martha Hayduk, Trustees of Hayduk Trust dated October 16, 2005 v. Baron Brothers Nursery, Inc.*

With respect to Mr. Baron's argument, to date, no evidence has been presented by Mr. Baron to support this.  Nevertheless, even if Hayduk had leased the Property to the Standard Design Group in April of 2023, the Estate is still liable to Hayduk for the daily storage fee that was mutually agreed to as the Estate continued to store assets at the Property, as the Bankruptcy Case had only just commenced the prior month.

With respect to the Court's comments about the end date, the Trustee and Hayduk are aware of this issue, but nevertheless negotiated the amount, in good-faith. This decision was reached within the Trustee's reasonable business judgment because it reduces the Estate's administrative expense claim liability. If the end date were to be, for instance, based on the Trustee's filing of the "Notice of Intention to Abandon Assets", filed on August 9, 2023, Hayduk's administrative expense would be substantial higher. However, the Trustee did exit the Property much sooner than when the abandonment notice was filed with the Court.

Moreover, had the Trustee not negotiated an amount, Hayduk could have asserted a higher claim reflecting the full amount of the storage fee charges incurred post-petition, which would have resulted in the Trustee filing a claim objection against Hayduk followed by the Court setting an evidentiary hearing.  All of this would have resulted in a protracted litigation and the Estate dedicating precious resources to reaching a resolution.  This Stipulation avoids all of that.  The agreed-upon negotiated amount with Hayduk represents a compromise that directly benefits the Estate by reducing the total administrative expense claim that might otherwise be asserted and providing a higher distribution to general unsecured creditors than would have been not possible but for the Stipulation with Hayduk.

In short, this negotiated reduction achieves a direct and measurable benefit for the Estate.  That is, a lower administrative claim and, consequently, greater potential distribution to unsecured creditors. It is precisely the kind of pragmatic, cost-saving resolution that aligns with the Trustee's duties and the overarching goals of the bankruptcy process.

## C. The Interim Payment of Hayduk's Claim is Appropriate and Equitable

Recognizing that Hayduk's Claim is a valid and allowed administrative expense claim, interim payment of Hayduk's Claim is appropriate.  "Courts take into account several factors in determining whether an administrative expense should be paid immediately: [1] the likelihood all administrative claims will be paid in full; [2] whether the administrative claimant could repay any payment that proves to be excessive; [3] the status of the case (i.e., how close a Chapter 11 or 13 case is to confirmation); [4] whether the expense was incurred in the ordinary course of the debtor's business."), *citing*, *In re Cardinal Industries, Inc.*, 109 B.R. 738, 742-743 (Bankr. S.D. Ohio 1989) and *In re Western Farmers Association*, 13 B.R. 132, 135 (Bankr. W.D. Wash. 1981); *See also In re GPLA, Inc.*, 2016 Bankr. LEXIS 3085, *6.

As a preliminary matter, the parties to the Stipulation expressly agreed that Hayduk's Claim would be paid upon the Court's approval of the Stipulation. This was a bargained-for term. Requiring the Trustee to delay payment of Hayduk's Claim until the conclusion of the bankruptcy administration could jeopardize the agreement, an agreement that, again, provides a benefit to the estate.

### 1. The Likelihood of All Administrative Claims Will be Paid in Full Is High

Turning to the above factors, all support the interim payment of Hayduk's claim. As to the first factor, the likelihood that all administrative expense claims will be paid in full, that likelihood is high. As noted in the Stipulation, the Trustee currently holds $543,135.77 in the Estate's bank accounts. *See* Dkt. No. 142, ¶ G. The claims bar date has passed, and aside from the Estate's professionals, the only other known administrative expense claimant is Camlam Farms, Inc., which initially filed a claim for $91,850.00 in unpaid rent and later amended it to $165,800.00. The Trustee is still reviewing the amended claim, as no breakdown was provided in the proof of claim. Nevertheless, the Estate has more than sufficient funds to satisfy all administrative claims in full.

1    In addition, the Trustee is actively prosecuting several adversary proceedings that

2    may generate additional funds, and the Estate may also receive a significant distribution

3    from a related Chapter 7 case, *In re JMY Farms, Inc.*, Case No. 9:24-bk-10182-RC.

4    Therefore, this factor supports paying Hayduk's Claim immediately.

5    2.  Hayduk Could Repay Any Payment That Proves to be Excessive

6    From the Trustee's preliminary investigation, Hayduk continues to be the owner of

7    the Property and continues to receive rent from the Standard Design Group in amount of

8    $18,000 per month. Additionally, he received approximately $1.1 million from the sale of

9    Mr. Baron's primary residence, the real property located at 8860 Stockton Road,

10    Moorpark, California 93021, in August of 2023.

11    Therefore, this factor supports paying Hayduk's Claim immediately.

12    3.  The Status of the Case

13    The Trustee has liquidated all of the Debtor's physical assets i.e. the nursery and

14    heavy machinery equipment.  The Trustee, however, continues to prosecute a handful of

15    adversary proceedings.  While trial for many of the adversary proceedings is scheduled

16    for early 2026, the Trustee is aiming to reach an amicable resolution for some of these

17    matters in hopes of avoiding a protracted litigation.

18    The Trustee is also in communications with the Chapter 7 trustee for the JMY

19    Farms case concerning the timing of distributions in that case.

20    Therefore, this factor is neutral at this juncture.

21    4.  Storage Fees Were Incurred In the Ordinary Business

22    For the same reasons discussed above, the storage fees were necessary, and

23    were of benefit to the estate because without the First Stipulation with Hayduk, the

24    Trustee would not be able to take possession of the Debtor's assets and promptly

25    exercise her statutory duties to marshal and liquidate the Debtor's assets for the benefit

26    of creditors.

27    Therefore, this factor supports paying Hayduk's Claim immediately.

28

1

## V.    CONCLUSION

2        Based on the forgoing, the Trustee respectfully requests that the Court approve

3 the Stipulation and find that Hayduk is entitled to an administrative claim of $42,120.00,

4 and that this amount shall be paid upon entry of the order approving this Stipulation.

5

6                               Respectfully submitted,

7 DATED:  July 15, 2025        **MARGULIES FAITH, LLP**

8

9                        By: */s/ Samuel M. Boyamian*_____
                             Jeremy W. Faith
10                           Samuel M. Boyamian
                             Counsel for Sandra K. McBeth,
11                           Chapter 7 Trustee

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DECLARATION OF SAMUEL M. BOYAMIAN

I, Samuel M. Boyamian, declare and state as follows:

1.    I am employed with the law firm of Margulies Faith, LLP, counsel for Sandra K. McBeth, in her capacity as the Chapter 7 Trustee of Baron Brothers Nursery, Inc. ("Trustee") in the above-captioned bankruptcy proceeding.   I am over the age of 18 years and not a party to the within action. I have personal knowledge of the facts set forth herein and if called as a witness, I could and would competently testify to those facts in a court of law.

2.    I make this Chapter 7 Trustee's Supplemental Memorandum of Points and Authorities in Support of Stipulation Between Chapter 7 Trustee Sandra k. McBeth and Ronald Hayduk and Martha Hayduk, Trustees of Hayduk Trust dated October 16, 2005 Regarding Disposition of Administrative Expense Claim (the "Supplement").  Capitalized words used herein and not defined shall have the meanings stated in the Supplement.

3.    On or about April 29, 2025, Mr. Hayduk contacted our office inquiring about the status of his claim and wanted to know when the Trustee would be making distributions in this case.

4.    I then communicated with Mr. Hayduk regarding his trust's claim, and on or about May 9, 2025, we reached an agreement concerning his trust's administrative expense claim i.e. the storage fees for the Property.

5.    I attended the June 5, 2025 hearing on the Stipulation.  During the hearing, the Court questioned the amount that was agreed to between the Trustee and Hayduk by pointing to certain terms of the First Stipulation.  Specifically, the end date when the storage fees stop accruing.  The Court suggested that the end date was not when Standard Design Group signed a lease for the Property, but when the Trustee exited the Property.

6.    Additionally, during the June 5, 2025 hearing, Mr. Baron contended that Hayduk had leased the Property to Standard Design Group as early as April 2023 and, therefore, argued that Hayduk's Claim should be reduced.

7.    The Hayduk Claim was negotiated in good faith and is a compromise that benefits the Estate.  This decision was reached within the Trustee's reasonable business judgment because it reduces the Estate's administrative expense claim liability.  It avoids a litigious claim objection proceeding and provides higher distribution to the general unsecured creditors.  This Stipulation inures for the benefit of all.

8.    A delay in payment to Hayduk may jeopardize the Stipulation.  The parties to the Stipulation expressly agreed that Hayduk's Claim would be paid upon the Court's approval of the Stipulation. This was a bargained-for term. Requiring the Trustee to delay payment of Hayduk's Claim until the conclusion of the bankruptcy administration could jeopardize the agreement, an agreement that, again, provides a benefit to the estate.

9.    Lastly, all of the factors discussed above support paying Hayduk's Claim immediately.  The Trustee is currently holding $543,135.77 in the Estate's bank accounts. Other than the Trustee's professionals and one other administrative expense claimant, Camlam Farms, Inc., there are no other administrative expense claimants, and the claims bar date has passed.  The Estate has more than sufficient funds to satisfy all administrative claims in full. In addition, on behalf of the Trustee, our office is actively prosecuting several adversary proceedings that may generate additional funds, and we are also hoping to receive a significant distribution from a related Chapter 7 case, *In re JMY Farms, Inc*., Case No. 9:24-bk-10182-RC.

10. Hayduk does have the means to repay any amounts that are excessive.  My preliminary investigation of Mr. Hayduk indicates that Mr. Hayduk's trust continues to be the owner of the Property and continues to receive rent from the Standard Design Group in amount of $18,000 per month. Additionally, in August of 2023, Mr. Hayduk's trust received approximately $1.1 million from the sale of Mr. Baron's primary residence, the real property located at 8860 Stockton Road, Moorpark, California 93021, pursuant to its lien encumbering that property.

11. Lastly, the storage fees were necessary and actually incurred costs, and were of

benefit to the Estate because without the First Stipulation with Hayduk, the Trustee would not be able to take possession of the Debtor's assets and promptly exercise her statutory duties to marshal and liquidate the Debtor's assets for the benefit of creditors.

12. I respectfully request that the Court approve the Stipulation and find that Hayduk is entitled to an administrative claim of $42,120.00, and that this amount shall be paid upon entry of the order approving this Stipulation.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 15th day of July 2025, at Encino, California.

          */s/ Samuel M. Boyamian*
          Samuel M. Boyamian

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF STIPULATION BETWEEN CHAPTER 7 TRUSTEE SANDRA K. MCBETH AND RONALD HAYDUK AND MARTHA HAYDUK, TRUSTEES OF HAYDUK TRUST DATED OCTOBER 16, 2005 REGARDING DISPOSITION OF ADMINISTRATIVE EXPENSE CLAIM; DECLARATION OF SAMUEL M. BOYAMIAN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **July 15, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **July 15, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE:** Pursuant to Amended General Order 23-01, no Judge's copy is being served.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 15, 2025 | Angela Saba | */s/ Angela Saba* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# ADDITIONAL SERVICE INFORMATION

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Seana Azad on behalf of Attorney OceanAir Federal Credit Union f/k/a CBC Federal Credit Union
sazad@grsm.com

Seana Azad on behalf of Defendant OceanAir Federal Credit Union f/k/a CBC Federal Credit Union
sazad@grsm.com

Samuel Mushegh Boyamian on behalf of Interested Party Courtesy NEF
samuel@marguliesfaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

Samuel Mushegh Boyamian on behalf of Plaintiff Sandra K. McBeth, Chapter 7 Trustee
samuel@marguliesfaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

Samuel Mushegh Boyamian on behalf of Trustee Sandra McBeth (TR)
samuel@marguliesfaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

Bryant S Delgadillo on behalf of Defendant JPMorgan Chase Bank, National Association
bryant.delgadillo@piblaw.com, rhonda.viers@piblaw.com

Jeremy Faith on behalf of Interested Party Courtesy NEF
Jeremy@MarguliesFaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

Jeremy Faith on behalf of Trustee Sandra McBeth (TR)
Jeremy@MarguliesFaithlaw.com,
Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com

Andrew Goodman on behalf of Attorney Andrew Goodman
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Matthew S Henderson on behalf of Defendant JPMorgan Chase Bank, National Association
matthew.henderson@piblaw.com, rhonda.viers@piblaw.com

Daniel A Higson on behalf of Interested Party Daniel A Higson
deanna@danhigsonattorney.com, higsondr45866@notify.bestcase.com

Sandra McBeth (TR)
jwalker@mcbethlegal.com, CA65@ecfcbis.com;ecf.alert+McBeth@titlexi.com

Elissa Miller on behalf of Interested Party Courtesy NEF
elissa.miller@gmlaw.com, emillersk@ecf.courtdrive.com;cheryl.caldwell@gmlaw.com

Ashley Morris on behalf of Defendant OceanAir Federal Credit Union f/k/a CBC Federal Credit Union
morris@litchfieldcavo.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Richard A Rodgers on behalf of Defendant Law Offices of Stephanie L. Mahdavi a Professional Law Corporation, a
California corporation
rar@lawsdr.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

United States Trustee (ND)
ustpregion16.nd.ecf@usdoj.gov

William E. Winfield on behalf of Debtor Baron Brothers Nursery, Inc.
wwinfield@calattys.com, scuevas@calattys.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                        **F 9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-9
Case 9:23-bk-10157-RC
Central District of California
Santa Barbara
Tue Jul 15 17:10:52 PDT 2025

Baron Brothers Nursery, Inc.
7568 Santa Rosa Rd.
Camarillo, CA 93012-8261

LEA Accountancy, LLP
1130 S. Flower Street
Suite 312
Los Angeles, CA 90015-2143

OceanAir Federal Credit Union f/k/a CBC Fede
Gordon Rees Scully Mansukhani LLP
100 Pringle Avenue
Suite 300
Walnut Creek, CA 94596-3580

~~Northern Division~~
~~1415 State Street,~~
~~Santa Barbara, CA 93101-2511~~

10606 Chalon, LLC
Attn: Robert Goodman/Tim Morrison
10880 Wilshire Blvd., Suite 1420
Los Angeles, CA 90024-4143

A.S.L.
18383 Preston Rd., Suite 425
Dallas, TX 75252-6097

AAA Propane
621 Maulhardt Avenue
Oxnard, CA 93030-7925

AT&T Wireless
P.O. Box 78110
Phoenix, AZ 85062-8110

Acrisure
One Liberty St.
New York, NY 10006-1404

Advantage Cellular
Advantage Telecom
P.O. Box 5454
Ventura, CA 93005-0454

AgRx
751 South Rose Ave.
Oxnard, CA 93030-5146

Ali Namvar
c/o Brian C. Andrews, Esq.
Andrews Law Group
6104 Innovation Way
Carlsbad, CA 92009-1728

American Fastening Systems, Inc.
2301 Sturgis Rd.
Oxnard, CA 93030-8934

Ashley Osher
314 Del Norte Rd.
Ojai, CA 93023-2403

AutoZone, Inc.
P.O. Box 791409
Baltimore, MD 21279-1409

Baron Martinez
111 Marine Way
Kodiak, AK 99615-6302

Bellingham Underwriters, Inc.
P.O. Box 969
Westbrook, CT 06498-0969

Berylwood Heights Mutual Water
P.O. Box 48
Somis, CA 93066-0048

Better Business Bureau
P.O. Box 129
Santa Barbara, CA 93102-0129

Brian and Amanda Jones
13723 Night Sky Dr.
Camarillo, CA 93012-9266

(p)CBC FEDERAL CREDIT UNION
2151 EAST GONZALES ROAD
OXNARD CA 93036-3757

~~California Department of Tax~~
~~and Fee Administration~~
~~P.O. Box 942879~~
~~Sacramento, CA 94279-0001~~

~~California Dept. of Tax and Fee Administrati~~
~~Collections Support Bureau, MIC: 55~~
~~PO Box 942879~~
~~Sacramento, CA 94279-0001~~

California Nursery Specialties
8925 Densmore
North Hills, CA 91343-3132

California Tax and Fee
Administration
Account Information Group, MIC: 29
P.O. Box 942879
Sacramento, CA 94279-0029

Camlam Farms, Inc.
2577 Hilltop Lane
Camarillo, CA 93012-8236

~~Camlam Farms, Inc.~~
~~Lowthorp Richards McMillan Miller & Temp~~
~~300 E. Esplanade Dr. Ste. 850~~
~~OXNARD, CA 93036-1273~~

Camlam Farms, Inc. c/o Patrick T.
Loughman, Lowthorp Richards
McMillan Miller & Templeman
300 E. Esplanade Dr., Ste. 850
Oxnard, CA 93036-1273

Camrosa Water District
P.O. Box 7000
Artesia, CA 90702-7000

Champion Crane
P.O. Box 208670
Dallas, TX 75320-8670

Chase Bank
P.O. Box 78420
Phoenix, AZ 85062-8420

~~Citi~~
~~Costco Anywhere Visa~~
~~P.O. Box 790046~~
~~Saint Louis, MO 63179-0046~~

Citi
P.O. Box 6004
Sioux Falls, SD 57117-6004

Citi AAdvantage Platinum Select
Box 6500
Sioux Falls, SD 57117-6500

Citi Business AAdvantage Select
P.O. Box 790046
Saint Louis, MO 63179-0046

(p)CITIBANK
PO BOX 790034
ST LOUIS MO 63179-0034

Citi Cards (Costco)
P.O. Box 78019
Phoenix, AZ 85062-8019

ClearPath GPS
3463 State St., Suite 494
Santa Barbara, CA 93105-2662

Clifford Moore
2091 Klamath Drive
Camarillo, CA 93010-2143

Coast Water Solutions
374 Fairview Dr.
Ventura, CA 93001-2424

Coast Water Solutions
c/o Michael Meyer
319 Lambert St. Unit A
Oxnard, CA 93036-0982

Coastal States Insurance Services
1986 S. Victoria Ave.
Ventura, CA 93003-6601

Cogg's Tire Service
2670 Cortez St.
Oxnard, CA 93036-1628

Cogg's Tire Service
P.O. Box 7006
Oxnard, CA 93031-7006

Conkle, Kremer & Engel
Amanda R. Washton
3130 Wilshire Blvd., Suite 500
Santa Monica, CA 90403-2351

Corporation Service Company,
as Representative
P.O. Box 2576
Springfield, IL 62708-2576

Costco Anywhere Visa Business
Card by Citi
P.O. Box 790046
Saint Louis, MO 63179-0046

Costco Anywhere Visa Business Card
P.O. Box 6704
Sioux Falls, SD 57117-6704

Costco Anywhere Visa Card
P.O. Box 790057
Saint Louis, MO 63179-0057

County of Ventura
Treasurer-Tax Collector
800 S. Victoria Ave.
Ventura, CA 93009-1290

DL Holdings
5431 Radford Ave.
Valley Village, CA 91607-2213

DMV Renewal
P.O. Box 942894
Sacramento, CA 94297-0897

(p)DE LAGE LANDEN FINANCIAL
ATTN LITIGATION & RECOVERY
1111 OLD EAGLE SCHOOL ROAD
WAYNE PA 19087-1453

Diamond Landscaping, Inc.
Attn: Brian Diamond
13520 Herron St.
Sylmar, CA 91342-3119

Diamond Lanscaping, Inc.
Attn: Brian Diamond
5431 Radford Ave.
Valley Village, CA 91607-2213

Divya Nayak
1813 Santo Domingo
Camarillo, CA 93012-4058

Docu Products
4535 McGrath St., Suite A
Ventura, CA 93003-6494

Dreaming Tree Civil
Heather O'Connel
1143 East Main St.
Ventura, CA 93001-3119

E.B. Stone & Son, Inc.
131 Sunset Ave., Suite E
#347
Suisun City, CA 94585-6346

E.J. Harrison and Sons, Inc.
P.O. Box 4009
Ventura, CA 93007-4009

EBE Holdings, LLC d/b/a Everest Business Fun
c/o Michael W. Davis, Esq.,
601 S. Figueroa Street, Suite 2130,
Los Angeles, CA 90017-5729

Echo Global Logistics
22168 Network Place
Chicago, IL 60673-1221

Echo Global Logistics
Attn: Jeff Short
600 W. Chicago Ave Suite 725
Chicago, IL 60654-2522

Employment Development Department
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Employment Development Department
Bankruptcy Group MIC 92E, PO BOX 826880
Sacramento, CA 95814

Everest c/o Steve Larrimore
Global Solution Biz, LLC
Lien Enforcement Dept.
400 Galleria Pkwy, Ste. 1500
Atlanta, GA 30339-5953

Excel Garden Products
851 North Vintage Ave.
Ontario, CA 91764-5391

Excel Garden Products
File 57541
Los Angeles, CA 90074-7451

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

Fauver, Large, Archbald & Spray LLP
Michael S. Fauver
820 State St., 4th Flr.
Santa Barbara, CA 93101-3272

Fillmore and Piru Basins
Groundwater Sustainability Agency
P.O. Box 1110
Fillmore, CA 93016-1110

Firemaster
1502 Eastman Ave., Suite B
Ventura, CA 93003-8020

Firemaster
Dept 1019
P.O. Box 121019
Dallas, TX 75312-1019

First Insurance Funding
P.O. Box 7000
Carol Stream, IL 60197-7000

Franchise Tax Board
Bankruptcy Section MS A-340
P.O. Box 2952
Sacramento, CA 95812-2952

Gail Johnson
2401 Ranchgrove Dr.
Westlake Village, CA 91361-5544

Gil Hopenstand
312 N Spring Street, 5th Fl
Los Angeles, CA 90012-4701

(p)UNIVERSAL WASTE SYSTEMS
9010 NORWALK BLVD
SANTA FE SPRINGS CA 90670-2532

Hayduk Trust
1986 S. Victoria Ave.
Ventura, CA 93003-6601

Hayduk Trust
c/o Manfredi, Levine, Eccles,
Miller & Lanson
3262 E. Thousand Oaks Blvd., # 200
Thousand Oaks, CA 91362-3400

Herald Printing, Ltd
1242 Los Angeles Ave.
Ventura, CA 93004-1920

Herald Printing, Ltd
Cathy Lunquist
3536 Aliso Canyon Road
Santa Paula, CA 93060-9702

Home Depot Credit Services
P.O. Box 790328
Saint Louis, MO 63179-0328

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

J&R Properties
P.O. Box 25
Somis, CA 93066-0025

James Baron
P.O. Box 1294
Somis, CA 93066-1294

James Michael Baron
P.O. Box 1294
Somis, CA 93066-1294

Jensen Landscape
Attn: David Conners
1250 Ames Ave.
Milpitas, CA 95035-6364

Joan DiMartino
22287 Mulholland Hwy. # 279
Calabasas, CA 91302-5157

Jose Ayala Ortiz
1926 Junto Lane
Oxnard, CA 93036-7950

Kazuhiko Nakanishi
136 Ventana Ct.
Thousand Oaks, CA 91360-2644

Kellogg Supply, Inc.
350 West Sepulveda Blvd.
Carson, CA 90745-6389

Kerri Baker
2684 Capella Way
Thousand Oaks, CA 91362-4955

Linde Gas & Equipment, Inc.
Dept LA 21511
Pasadena, CA 91185-1511

MYE, LLC
405 Science Dr.
Moorpark, CA 93021-2093

MacValley Oil Company
ConicoOil
100 Del Norte Blvd.
Oxnard, CA 93030-7913

Marina Landscape Services, Inc.
Attn: Marty
27965 Smyth Dr. #103
Valencia, CA 91355-6017

Melodee Ice Cream
2649 W. First St.
Santa Ana, CA 92703-3403

Mercury Insurance Company
P.O. Box 11991
Santa Ana, CA 92711-1991

Mitchell & Associates
333 N. Lantana St., Suite 265
Camarillo, CA 93010-9008

Mitsubishi HC Capital America, Inc.
21925 Network Place
Chicago, IL 60673-1219

Mitsubishi/Hitachi
P.O. Box 0574
Carol Stream, IL 60132-0574

(p)NEC FINANCIAL SERVICES
250 PEHLE AVE
STE 704
SADDLE BROOK NJ 07663-5888

O'Reilly
P.O. Box 9464
Springfield, MO 65801-9464

Otto & Sons Nursery
1835 E. Guiberson Rd.
Fillmore, CA 93015-9718

Pacific Restoration Group, Inc.
Attn: Edgar
P.O. Box 2061
Lake Elsinore, CA 92531-2061

Patrick T. Loughman
300 E. ESPLANADE DRIVE STE 850
OXNARD, CA 93036-1273

Performance Nursery, Inc.
6001 E. Los Angeles Ave.
Somis, CA 93066-9789

Peter & Karey Muller
547 Azure Hills Dr
Simi Valley, CA 93065-5930

Peter and Bonnie Fortin
47 Mollison Dr.
Simi Valley, CA 93065-5382

Philips 66 Synchrony
P.O. Box 530970
Atlanta, GA 30353-0970

Pitney Bowes
P.O. Box 371887
Pittsburgh, PA 15250-7887

Redwood Products Company
P.O. Box 2662
Corona, CA 92878-2662

Richard A Baron
P.O. Box 25
Somis, CA 93066-0025

Richard Baron
P.O. Box 25
Somis, CA 93066-0025

Richard Baron and James Baron
7568 Santa Rosa Rd.
Camarillo, CA 93012-8261

Robert Alfred Johnson
P.O. Box 6652
Westlake Village, CA 91359-6652

Ronald and Martha Hayduk
1986 S. Victoria Avenue
Ventura, CA 93003-6601

Rose Nanette Joe aka Nan Joe
6440 San Onofre Drive
Camarillo, CA 93012-8808

Schulman Development
Attn: Joe Gwerder
840 S. Ranco Dr. #4-572
Las Vegas, NV 89106-3837

Shadow Farms, LLC
133 De La Guerra - 149
Santa Barbara, CA 93101

Shell
WEX Bank
P.O. Box 6293
Carol Stream, IL 60197-6293


Shell Small Business
P.O. Box 639
Portland, ME 04104-0639

(p)SOUTHERN CALIFORNIA EDISON COMPANY
1551 W SAN BERNARDINO ROAD
COVINA CA 91722-3407

Staples Business Advantage
Dept LA
Chicago, IL 60696-3689


State of California
Franchise Tax Board
P.O. Box 3065
Rancho Cordova, CA 95741-3065

(p)T MOBILE
C O AMERICAN INFOSOURCE LP
4515 N SANTA FE AVE
OKLAHOMA CITY OK 73118-7901

T-Y Nursery, Inc.
5221 Arvada St.
Torrance, CA 90503-1399


T-Y Nursery, Inc.
P.O. Box 424
15335 Highway 76
Pauma Valley, CA 92061-9583

T-Y Nursery, Inc.
P.O. Box 566
31761 Trabuco Canyon Rd.
Trabuco Canyon, CA 92678-0566

T.M. Morrison & Associates, Inc.
1868 St. Albans Rd.
San Marino, CA 91108-2511


Tire Man
2815 Dorothy Dr.
Agoura Hills, CA 91301

Turning Point Foundation Inc.
P.O. Box 24397
Ventura, CA 93002-4397

(p)U S  SMALL BUSINESS ADMINISTRATION
312 N SPRING ST 5TH FLOOR
LOS ANGELES CA 90012-4701


United Site Services
P.O. Box 660475
Dallas, TX 75266-0475

United States Department of
Agriculture - Farm Service Agency
Santa Barbara County Office
920 East Stowell Rd.
Santa Maria, CA 93454-7008

~~United States Trustee (ND)~~
~~915 Wilshire Blvd, Suite 1850~~
~~Los Angeles, CA 90017-3560~~


United Water Conservation District
1701 Lombard St., Suite 200
Oxnard, CA 93030-8235

Valley Alarm
P.O. Box 311
San Fernando, CA 91341-0311

Valley Growers Nursery, Inc.
8366 Fair Oaks Ave.
Moorpark, CA 93021-9704


Vangarde Group
4780 Ashford Dunwoody Rd.
Ste. 540 #411
Atlanta, GA 30338-5502

Velocity Group USA Merchant
Support
290 Broadhollow Rd.
Melville, NY 11747-4801

Ventura County Agricultural
Irrigated Lands Group
P.O. Box 3160
Ventura, CA 93006-3160


Ventura County Public Works
1567 Spinnaker Dr. # 202
Ventura, CA 93001-4374

Ventura County Public Works
Water and Sanitation Payment
Processing Center
P.O. Box 1470
Hemet, CA 92546-1470

Ventura County Sheriff's
Office
800 South Victoria Ave.
HOJ Room 101
Ventura, CA 93009-0002


Ventura County Tax Collector
Attn: Bankruptcy
800 S. Victoria Ave.
Ventura, CA 93009-1290

William C. Brooks
5141 Tapo Canyon Rd.
Simi Valley, CA 93063-5132

William Charles and Juanita Brooks
5141 Tapo Canyon Rd.
Simi Valley, CA 93063-5132

Andrew Goodman
Goodman Law Offices
30700 Russell Ranch Road
Suite
Westlake Village, CA 91362-6399

Daniel A. Higson
Daniel A. Higson, Attorney at Law
5450 Telegraph Road
Suite 250-C
Suite 250-C
Ventura, CA 93003-4133

Richard Alan Baron
P.O. Box 25
Somis, CA 93066-0025

Sandra McBeth (TR)
7343 El Camino Real, #185
Atascadero, CA 93422-4697

William E. Winfield
Nelson Comis Kettle & Kinney LLP
5811 Olivas Park Drive
Suite 202
Ventura, CA 93003-7857

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

CBC Federal Credit Union
2151 E. Gonzales Rd.
Oxnard, CA 93036

Citi Cards
P.O. Box 78045
Phoenix, AZ 85062-8045

(d)Citibusiness Card
P.O. Bo 78045
Phoenix, AZ 85062-8045

De Lage Landen
P.O. Box 41602
Philadelphia, PA 19101-1602

(d)De Lage Landen Financial Services Inc
1111 Old Eagle School Road
Wayne, PA 19087

Green Wise Soil Technologies
9016 Norwalk Blvd.
Santa Fe Springs, CA 90670

(d)Home Depot Credit Services
P.O. Box 78011
Phoenix, AZ 85062-8011

NEC Financial Services, Inc.
P.O. Box 100558
Pasadena, CA 91189

Southern California Edison
P.O. Box 600
Rosemead, CA 91771-0001

T-Mobil
P.O. Box 51843
Los Angeles, CA 90051-6143

(d)T-Mobil
P.O. Box 742596
Cincinnati, OH 45274-2596

U.S. Small Business Administration
312 N Spring Street, 5th Fl
Los Angeles, CA 90012

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF

(u)First Insurance Funding

(u)Chase

(d)Franchise Tax Board
Bankruptcy Section MS A340
PO BOX 2952
Sacramento CA 95812-2952

(d)Richard A. Baron
P.O. Box 25
Somis, CA 93066-0025

(d)Richard Baron
P.O. Box 25
Somis, CA 93066-0025

(u)Southwest Rapid Rewards        (u)Smarra, Inc.        (u)Marc A. Lieberman

End of Label Matrix
Mailable recipients    154
Bypassed recipients      9
Total                  163